# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-50474

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JEREMY TYSON GOVAN,

Defendant - Appellant

United States Court of Appeals
Fifth Circuit

**FILED**

March 11, 2016

Lyle W. Cayce
Clerk

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:14-CR-215-1

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:*

Appellant Jeremy Tyson Govan was convicted of conspiracy to possess and distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1). Govan appeals his conviction arguing that the district court erred in denying: 1) his motion to suppress illegally-obtained evidence; and 2) his motion for a judgment of acquittal based on the insufficiency of the evidence presented at his trial. For the reasons that follow, we AFFIRM.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-50474

I.

Govan was charged in a conspiracy to distribute methamphetamine in Midland, Texas in violation of 21 U.S.C. § 841(a)(1).

At trial, Govan moved to suppress text messages seized by Detective Ronnie Mobley from Govan's cell phone several months earlier. When Govan was arrested, Detective Mobley did not have a warrant to search Govan's phone. Therefore, Govan argued that the text messages were obtained in violation of *Riley v. California*, 134 S.Ct. 2473, 2495 (2014) (holding that the "answer to the question of what police must do before searching a cell phone seized incident to an arrest is accordingly simple. Get a warrant."). Nevertheless, the district court denied Govan's motion to suppress.

The district court noted that, although *Riley* was not decided until six months after Govan's phone was searched, *Riley* applied retroactively to Govan's case under *Davis v. United States*, 131 S. Ct. 2419, 2430 (2011) (holding "newly announced rules of constitutional criminal procedure 'must apply retroactively to all cases, state or federal, pending on direct review or not yet final, with no exception.'") (citations omitted). Thus, the district court determined that because the search of Govan's cell phone violated the Fourth Amendment, the evidence was obtained illegally. The district court further reasoned, however, that notwithstanding the illegality of the search, the exclusionary rule did not apply because the search was conducted "in objectively reasonable reliance on binding judicial precedent," quoting *Davis*, 131 S. Ct. at 2428, and citing *U.S. v. Finley*, 477 F.3d 250 (5th Cir. 2007) (which earlier had held that officers were allowed to perform warrantless searches of cell phones incident to arrest). Therefore, the district court held that the text messages were admissible, based on Detective Mobley's good-faith reliance on *Finley*. Accordingly, the district court denied Govan's motion to suppress.

No. 15-50474

In addition to his motion to suppress the text messages, at the close of the Government's case-in-chief Govan moved for a judgment of acquittal under Fed. R. Crim. P. 29.  Although the Government presented substantial witness testimony and other evidence of Govan's involvement in the conspiracy, Govan had offered no evidence, witness or otherwise.  In support of his motion, Govan's only argument consisted of this brief statement: "The evidence is both legally and factually insufficient to support submission of this case to the jury." The district court denied the Rule 29 motion.

The jury found Govan guilty of conspiracy to possess and distribute methamphetamine.  Govan appeals his conviction, arguing that the district court erred in its denial of his motion to suppress and his motion for a judgment of acquittal.

## II.

"When reviewing a district court's denial of a motion to suppress evidence as obtained in violation of the Fourth Amendment, we review the factual determinations for clear error and the legal conclusions *de novo*." *United States v. Powell*, 732 F.3d 361, 369 (5th Cir. 2013), *cert. denied*, 134 S. Ct. 1326 (2014) (citation omitted).  We "may consider all of the evidence presented at trial, not just that presented before the ruling on the suppression motion, in the light most favorable to the prevailing party, which in this case is the government."  *United States v. Raney*, 633 F.3d 385, 389 (5th Cir. 2011) (internal quotation and citation omitted).

We "review *de novo* a district court's denial of a motion for judgment of acquittal."  *United States v. Izydore*, 167 F.3d 213, 219 (5th Cir. 1999).  "In evaluating the sufficiency of the evidence," we "must affirm the verdict 'if a reasonable trier of fact could conclude from the evidence that the elements of the offense were established beyond a reasonable doubt, viewing the evidence in the light most favorable to the verdict and drawing all reasonable inferences

3

No. 15-50474

from the evidence to support the verdict.'" *Id.* (quoting *United States v. Myers*, 104 F.3d 76, 78 (5th Cir.), *cert. denied*, 520 U.S. 1218 (1997)).

### III.

### A.

The principal issue on appeal is whether the district court erred in admitting the text messages obtained from Govan's cell phone.

First, Govan argues that the district court erred by applying the good-faith exception of *United States v. Leon*, 468 U.S. 897, 922 (1984) (holding that evidence obtained in objectively reasonable reliance on a subsequently invalidated search warrant is not barred by the exclusionary rule).[1]  Govan argues that for the good-faith exception to apply under *Leon*, an officer must have actual knowledge of the legal basis that serves as the predicate for the good-faith exception to the unlawful search.  But, in his brief, Govan acknowledges that "nowhere in . . . *Davis* does there appear an assertion, or even a suggestion, that the officer who conducted the search [in *Davis*] was aware" of the legal precedent that authorized the warrantless search; nevertheless, *Davis* applied the good-faith exception to the illegally-obtained evidence.  It seems that Govan's only argument is that we should ignore *Davis* and determine the merits of his appeal strictly under *Leon* (as he interprets it).  This argument is completely meritless—as we do not have authority to ignore or overrule Supreme Court precedent.  Furthermore, nothing in *Davis*, nor in our precedent, requires such subjective knowledge of an arresting officer.[2]

---

[1] The district court's simple citation to *Leon* in its order denying Govan's motion to suppress was only a reiteration of its authority under *Davis*.  Furthermore, in the proceedings before the district court, Govan made no reference to the arguments he makes before us.  We will nevertheless try to understand and discuss these arguments here, assuming that he had no opportunity to make such a response to the district court's ruling.

[2] *See, e.g., Davis*, 131 S. Ct. at 2423-24 ("searches conducted in *objectively* reasonable reliance on binding appellate precedent are not subject to the exclusionary rule") (emphasis added).

No. 15-50474

Govan's second argument expands his first argument to further require that, for the good-faith exception to apply, Detective Mobley also had to *testify* at Govan's trial that he "had knowledge of the legal principle[s]" in *Finley*. But, as addressed above, *Davis* does not place such a requirement on the good-faith exception, and accordingly we reject Govan's argument.

In sum, the district court did not err in its denial of Govan's motion to suppress.

B.

We briefly turn to Govan's argument that the district court erred by denying his motion for a judgment of acquittal. Govan argues that the Government's evidence was insufficient because it showed only that he sold (or gifted) drugs as an individual, not as part of a conspiracy. At trial, however, the Government produced substantial witness testimony detailing Govan's involvement in the conspiracy (including testimony that Govan conspired with others to distribute methamphetamine and that he had a portion of that methamphetamine "fronted" to him by a larger-scale dealer). Considering all the evidence that was presented to the jury, "a reasonable trier of fact could conclude from the evidence that the elements of the offense were established beyond a reasonable doubt." In short, the district court did not err in denying the motion for a judgment of acquittal.

IV.

For these reasons, we hold that the district court did not err in denying Govan's motion to suppress, nor in denying his motion for a judgment of acquittal. The district court's judgment is, therefore, in all respects

AFFIRMED.

5